# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT RUSZIN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CASE NO.: <u>6:25-cv-6768</u> |
| v. | Class Action Complaint |
| FIELDTEX PRODUCTS INC., | Filed on December 15, 2025 |
| Defendant. | |
| JESSICA CLARK, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | CASE NO.: <u>6:25-cv-6778</u> |
| v. | Class Action Complaint |
| FIELDTEX PRODUCTS, INC., | Filed on December 16, 2025 |
| Defendant. | |
| FRANK F. HENSLEY, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | CASE NO.: <u>6:25-cv-6799</u> |
| v. | Class Action Complaint |
| FIELDTEX PRODUCTS, INC., | Filed on December 19, 2025 |
| Defendant. | |
| ALEGRIA CLARK, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | CASE NO.: <u>6:25-cv-6811</u> |
| v. | Class Action Complaint |
| FIELDTEX PRODUCTS, INC., | Filed on December 22, 2025 |
| Defendant. | |

PAMELA WOLLENBERG, individually, and
on behalf of all others similarly situated,

              Plaintiff,

v.

FIELDTEX PRODUCTS, INC.,

              Defendant.

CASE NO.: <u>6:25-cv-6817</u>

Class Action Complaint

Filed on December 23, 2025

## PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS
## AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM IN SUPPORT

### I.   INTRODUCTION

Plaintiffs Robert Ruszin, Jessica Clark, Frank F. Hensley, and Alegria Clark ("Plaintiffs"), along with another plaintiff in an additional case, have filed separate class action lawsuits ("Related Actions") against Defendant Fieldtex Products Inc. ("Defendant"). The allegations of each Related Action are based on Defendant's unauthorized disclosure of Plaintiffs' and other similarly situated individuals whose personally identifiable information ("PII" or "Private Information") in a data breach that Defendant publicly disclosed on or around November 20, 2025 ("Data Breach"). The Related Actions present many common issues of law and fact and are ripe for consolidation before this Court. Plaintiffs therefore respectfully request the Court grant their Motion to consolidate pursuant to Fed. R. Civ. P. 42(a).

Further, Plaintiffs also request that the Court appoint Gary E. Mason of Mason LLP, Daniel Srourian of Srourian Law Firm, P.C., Ben Barnow of Barnow and Associates, P.C. and Israel David of Israel David LLC ("Proposed Interim Co-Lead Counsel") as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g).

For the reasons set forth herein, Plaintiffs request that the Related Actions be consolidated into the first-filed *Ruszin* action and that Mr. Mason, Mr. Srourian, Mr. Barnow, and Mr. David be

appointed Interim Co-Lead Counsel.

## II.    COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant Fieldtex Products, a New York company, is a medical supply fulfillment organization that provides over the counter, healthcare-related products to members through their health plans. *See Ruszin* Compl. ¶ 3. In order to deliver these services, Fieldtex received certain protected health information from the members' health plans, including, but not limited to: patient names, addresses, dates of birth, insurance member identification numbers, plan names, effective terms, and gender. *Id.* Plaintiffs allege that Defendant failed to properly safeguard and protect Plaintiffs' Private Information, resulting in the Data Breach. *See, e.g., id.* ¶¶ 1-7. Plaintiffs' and putative class members' Private Information was compromised in the Data Breach. *Id.* ¶ 2. As a result, Plaintiffs and the putative class members will face a heightened and imminent risk of fraud for the rest of their lives.

Following notice of the Data Breach, five class action lawsuits were filed against Defendant, each seeking to redress the harm caused by the incident. Each action asserts similar claims for relief and arises from the same operative facts. Plaintiffs in each of the cases filed their complaints as putative class actions on behalf of themselves and all others whose Private Information was exposed during the Data Breach, and each seeks to remedy Defendant's failures and the resultant consequences.

Counsel in four of these Related Actions acted promptly to coordinate their efforts and move the cases forward efficiently. Plaintiffs now seek to consolidate these actions to streamline the efficient prosecution of this litigation to best advance the interests of the proposed class.

III.    **ARGUMENT**

A.    **The Related Actions Should Be Consolidated.**

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (court has "broad discretion to determine whether consolidation is appropriate.").

Consolidation is appropriate pursuant to Rule 42(a) when actions "involve common questions of law or fact." *Xu v. Gridsum Holding Inc.*, 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018). Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts based upon the same or substantially similar laws. Since the Related Actions pending before this Court present the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *6-7 (S.D.N.Y. Apr. 24, 2014) (consolidation appropriate where "factual and legal allegations underlying all class definitions sufficiently overlap").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial

resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. *See Simmons*, 2014 U.S. Dist. LEXIS 58743, at *6-7 (despite "minor differences" in class definitions, court consolidated various class actions involving common questions of law and fact because, inter alia, the "factual and legal allegations underlying all class definitions sufficiently overlap.").

Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977) (citation, quotations, and alterations omitted); *accord* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Here, this Court should exercise its discretion and grant Plaintiffs' motion.

### i. The Related Actions Share Common Legal and Factual Issues.

The Related Actions involve common questions of law and fact sufficient to satisfy Fed. R. Civ. P. 42(a). District courts routinely find overlapping data breach class actions filed in the same court share common legal and factual issues and consolidate such cases. *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117 (N.D. Ga. May 12, 2022) (granting consolidation of data breach actions); *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) (same); *Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (same). The Related Actions are overlapping data breach class actions filed in the same court, and each focus on one factual event—Defendant's Data Breach—which was a result of Defendant's alleged failure to protect Plaintiffs and the putative class's Private Information. Each action alleges the same factual contentions, *i.e.*, that Defendant failed to: (i) adequately protect the Private Information of Plaintiffs and the putative class; (ii) warn Plaintiffs and the putative class of Defendant's inadequate

information security practices; (iii) effectively secure its computer systems containing protected Private Information using reasonable and adequate measures and procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiffs and the putative class of the Data Breach. These factual allegations are the gravamen of the Related Actions; thus, numerous common questions of fact exist.

Additionally, the legal claims asserted by each Plaintiff are substantially similar and are asserted on a class-wide basis, on behalf of similarly defined classes, against the same Defendant. Plaintiffs' claims will rise or fall together. As such, common questions of law pervade these cases, and consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

ii.    **Consolidation Will Further the Convenience of the Parties and Witnesses.**

Consolidation of the Related Actions will also promote judicial efficiency and the convenience of Plaintiffs, Defendant, and the witnesses. All claims in the Related Actions will depend upon nearly identical evidence obtainable from the same sources. Due to the vast number of similarities amongst the Related Actions, consolidation will simplify discovery, pretrial, class certification, case management, and trial.  Specifically, consolidation will: (i) prevent inconsistent verdicts by asserting claims in one consolidated proceeding; (ii) streamline discovery matters because Defendant will only need to respond to one set of discovery requests; (iii) save each of the Parties considerable time and litigation expenses by only prosecuting one action; (iv) promote judicial efficiency as the Court will not be required to engage in duplicative hearings or review duplicative filings; and (v) reduce the confusion and delay that may result from prosecuting identical actions separately. Consolidation of the Related Actions is therefore particularly appropriate.

### iii.    Consolidation Will Not Prejudice Any Party.

Additionally, consolidation will not prejudice any substantial rights of any of the Parties. The Related Actions are in their infancy: each is in the pleadings stage, no responses have been filed to any of the complaints, and discovery has not yet begun. At such an early stage of the proceedings, consolidation is unlikely to cause prejudice to any party as no party will be prevented from fully advocating their position on relevant issues. None of the Related Actions have progressed to the point where any efficiencies or benefits will be forfeited through consolidation. Because consolidation here serves the interest and convenience of the Parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Actions, Plaintiffs respectfully request the Court enter an order consolidating the Related Actions.

### B.    The Court Should Appoint Interim Co-Lead Counsel.

Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court under Rule 23(g)(3) of the Federal Rules of Civil Procedure for an Order appointing: Gary E. Mason of Mason LLP, Daniel Srourian of Srourian Law Firm, P.C., Ben Barnow of Barnow and Associates, P.C. and Israel David of Israel David LLC as Interim Co-Lead Counsel.

Together, Proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See Manual for Complex Litigation* § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and specifically data breach litigation.

Proposed Interim Co-Lead Counsel and their partners have led dozens of data breach class

actions. The group includes attorneys who have independently investigated and thoroughly analyzed the merits of the case prior to and since filing their own complaints. Together, Proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

### C.    The Work Counsel Has Done.

Prior to filing their complaints, Proposed Interim Co-Lead Counsel each conducted their own thorough and independent investigation of the data breach that gave rise to this class action. These class actions arise out of the Data Breach resulting from Defendant's alleged failure to

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

implement reasonable and industry standard data security practices.

### D.    Counsel's Experience and Knowledge

Proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and deep expertise in the law.

#### i.    Gary Mason of Mason LLP

Gary Mason is a nationally recognized leader of the class action bar. Focusing on consumer class actions and mass torts, Mr. Mason has recovered more than $1.5 billion in the 29 years he has represented plaintiffs. With his broad experience, he is nationally known for representing consumers in class actions involving a wide range of defective products, including Chinese drywall, fire retardant plywood, polybutylene pipe, high-temperature plastic venting, hardboard siding, pharmaceutical products, consumer electronics and automobiles. He also is recognized for his successful representation in privacy litigation, including representing over 23 million individuals whose personal data was compromised by the U.S. Office of Personnel Management data breach.

Mr. Mason was an early advocate for victims of security breaches and privacy violations, starting with the first settlement arising from a Google data breach (*In re Google Buzz*), the Department of Veterans Affairs stolen laptop case, and continuing in data breach cases to-date. Mr. Mason recently served as Liaison Counsel in a data breach case filed against the Office of

Personnel Management. *In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (final approval of a $63 million settlement fund granted Oct. 26, 2022). He recently served as Co-Lead Counsel for the *Farley v. Eye Care Leaders* data breach matter related to the breach of over three million individuals' data, which was granted final approval on June 27, 2024, in the Middle District of North Carolina, No. 1:22-cv-00468, as well as Co-Lead Counsel in *Brim v. Prestige Care, Inc.*, No. 3:24-cv-05133 (W.D. Wash. Apr. 21, 2025), *Hodge v. AHS Med. Holdings LLC*, No. 3:23-cv-01308 (M.D. Tenn. Aug. 1, 2025), *In re Maryville Data Breach Litig.*, No. GLO-L-000255-24 (N.J. Super. Ct. Gloucester Cnty. Aug. 29, 2025), and *In re Planet Home Lending, LLC Data Breach*, No. 3:24-cv-00127 (D. Conn. Nov. 18, 2024). He currently serves as Co-Lead Counsel for the following pending cases: *Ayerdi v. Zeta Global Holdings Corp.*, No. 1:25-cv-05780 (S.D.N.Y.) (appointed Oct. 14, 2025); *Fazenbaker v. Cmty. Health Care, Inc.*, No. 1:24-cv-11170 (D.N.J.) (appointed Apr. 29, 2024); *In re Pacific Seafood Data Sec. Litig.*, No 3:25-cv-01921 (D. Ore.) (appointed Nov. 24, 2025); *In re Tift Reg'l Health Sys., Inc. Data Breach Litig.*, No. 2023CV0313 (Ga. Super. Ct. Tift Cnty.) (appointed Dec. 8, 2023); *Sharber v. FMC Servs., LLC*, No. 111219-D-CV (Tex. 320th Jud. Dist. Ct. Potter Cnty.) (appointed Nov. 16, 2022); and *Stinson v. Yum! Brands, Inc.*, No. 3:23-cv-00183 (W.D. Ky.) (appointed June 6, 2024).

Gary graduated magna cum laude, Phi Beta Kappa, from Brown University and Duke University Law School, where he was an editor of *Law and Contemporary Problems*. He then served as a law clerk for the Honorable Andrew J. Kleinfeld of the U.S. District Court for the District of Alaska. Gary was previously an Associate at Skadden Arps and a Partner at Cohen Milstein where he was the first Co-Chair of its Consumer Protection Practice Group. He is licensed to practice in the District of Columbia, State of Maryland, State of New York, and in numerous federal district courts across the country as well as the Second, Fourth, Fifth, Sixth, Seventh, Ninth

and Federal Circuit Courts of Appeals, the U.S. Court of Federal Claims and the United States Supreme Court.

### *ii.* Daniel Srourian of Srourian Law Firm, P.C.

Mr. Srourian is the founder of Srourian Law Firm, P.C., a Los Angeles-based law firm dedicated to fighting for the rights of consumers and employees since its inception in 2013. Mr. Srourian currently serves as counsel of record on approximately 150 class action data breach cases. Judges around the country have appointed Srourian Law Firm as Lead or Co-Lead Counsel in class action data breach matters, including *Boyd v. Prudential Fin., Inc.*, No. 2:24-cv-06818-SRC-AME (D.N.J.), a national data breach involving approximately 2.3 million individuals; *Malinowski v. Int'l Bus. Machine Corp.*, No. 7:23-cv-08421-NSR (S.D.N.Y.), a national data breach involving approximately 500,000 individuals; *Conifer v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-CV-01987 AB (S.D.N.Y.), a national data breach involving approximately 100,000 individuals; *Lenaway v. Octapharma Plasma, Inc.*, No. 3:24-CV-424-MOC (W.D.N.C.), a national data breach involving approximately 200,000 individuals; *Feathers v. On Q Fin. LLC*, No. CV-24-00811-PHX-SMB (D. Ariz.), a national data breach involving approximately 211,000 individuals; *Capers v. Hosp. Sisters Health Sys.*, No. 2024 CH 000043 (Ill. Cir. Ct. Sangamon Cnty. Chancery Div. 2024); *In re Orthominds, LLC Data Breach Litig.*, No. 1:25-cv-01565-JPB (N.D. Ga.), a national data breach; *In re O'Connor Corp. Data Breach Litig.*, No. 1:25-cv-10355-DJC (D. Mass.); *Shuck v. Turning Point of Central Cal.*, No. VCU318698 (Cal. Super. Ct. Tulare Cnty.); *In re KYL Data Sec. Litig.*, No. 2:24-cv-10406-MEMF-JC (C.D. Cal.); *In re Daedong-USA Data Sec. Incident Litig.*, No. 5:25-cv-00216-D (E.D.N.C.); *Losee v. Baillie Lumber Co., L.P.*, No. 1:25-cv-00731-LJV (W.D.N.Y.); and *Toth v. Payactiv, Inc.*, No. 5:25-cv-08476-BLF (N.D. Cal.).

Srourian Law Firm has additionally been appointed to the Plaintiff's Steering/Executive Committee for the following class action data breach cases:

- *Cain v. CGM, L.L.C.*, No. 1:23-cv-02604 (N.D. Ga.);
- *Hahn v. Phoenician Med. Ctr., Inc.*, No. CV2023-010982 (Ariz. Super. Ct. Maricopa Cnty.);
- *Dudurkaewa v. Midfirst Bank & Midland Fin. Co.*, No. 5:23-cv-00817-R (W.D. Okla.);
- *Trottier v. Sysco Corp.*, No. 4:23-cv-01818 (S.D. Tex.);
- *Mathis v. Planet Home Lending, LLC*, No. 3:24-cv-00127 (D. Conn.);
- *Gambino v. Berry, Dunn, McNeil & Parker, LLC*, No. 2:24-cv-00146 (D. Me.);
- *Tambroni v. WellNow Urgent Care, P.C.*, No. 1:24-cv-01595 (N.D. Ill.);
- *In re Golden Corral Data Breach Litig.*, No. 5:24-cv-123 (E.D.N.C.);
- *B.W. v. Atl. Women's Health Grp., P.C.*, No. 24EV001838 (Ga. State Ct. Fulton Cnty.);
- *In re Fid. Invs. Data Breach Litig.*, No. 1:24-cv-12601 (D. Mass.);
- *In re AnnieMac Data Breach Litig.*, No. 1:24-cv-10678 (D.N.J.);
- *Avila v. VectraRX Mail Pharm. Servs, LLC*, No. CV-25-58-TUC-JAS (D. Ariz.).

Mr. Srourian began his work in the class action arena in 2014, representing employees across the country in wage and hour class action cases for violations of the California Labor Code and the Fair Labor Standards Act. Since that time, Mr. Srourian gained extensive class action litigation experience, having vigorously litigated approximately 200 wage and hour class actions to date, including conducting complex written discovery and taking depositions. Overall, since starting the practice of law in 2013, Mr. Srourian has conducted at least 300 depositions on various matters for which he has served as plaintiff's counsel, as well as conducted three trials, one of which produced a successful verdict in the amount of $1,541,000 when Defendant's top pre-trial offer was $450,000.00[2], while another produced a successful jury verdict in the amount of $1,041,697.00 when Defendant's top pre-trial offer was a mere $30,000.00.

---

[2] This verdict was the 71st highest premises liability verdict reported in the State of California in the year 2023, per https://topverdict.com/lists/2023/united-states/top-100-premises-liability-verdicts

Notable class action recoveries obtained by Mr. Srourian include the following: *RCHS Wage and Hour Cases*, No. JCCP5243 (Riverside Cnty., Cal.), $6,000,000.00 recovered on behalf of over 3,000 current/former restaurant employees (Final Approval granted in 2020 with no objections); *Kirk McLemore v. Nautilus Hyosung America, Inc.*, No. 2:17-cv-02298-CBM (C.D. Cal.), $3,182,979.00 recovered on behalf of nearly 1,000 current/former nationwide ATM technicians (Final Approval granted in 2020 with no objections)[3]; *Robert Bennet v. 48Forty Sols., LLC*, No. CVRI2201011 (Riverside Cnty., Cal.) $1,950,000.00 recovered on behalf of approximately 850 warehouse employees (Final Approval granted in 2024 with no objections); *Diego Zamudio v. Letter Ride*, No. RIC1805755 (Riverside Cnty., Cal.) $1,000,000.00 recovered on behalf of approximately 1,000 delivery drivers (Final Approval granted in 2019 with no objections); *Kevork Manoukian v. John Bean Techs.*, No. BC688700 (Los Angeles Cnty., Cal.) $987,500.00 recovered on behalf of over 500 LAX airport staff (Final Approval granted in 2020 with no objections); *Chelsea Medlock et al. v. MedMen Dispensary*, No. 18STCV05391 (Los Angeles Cnty., Cal.) $975,000.00 recovered on behalf of nearly 1,000 retail workers (Final Approval granted in 2021 with no objections).

Mr. Srourian has been selected to Super Lawyers from 2023-2025, in addition to being selected for Super Lawyers – Rising Stars from 2016-2022.

### iii.   Ben Barnow of Barnow and Associates, P.C.

Ben Barnow has extensive experience and knowledge in class action and data breach litigation. Throughout his career, he has successfully organized, litigated, and resolved many complex class actions, attaining benefits valued in excess of five billion dollars for class members. *E.g.*, *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-2171 (C.D. Cal.) (Ben Barnow served

---

[3] This settlement was the 13th largest class action settlement reported in the State of California in the year 2020, per https://topverdict.com/lists/2020/california/top-20-class-action-settlements

as Co-Lead Counsel in this case regarding excessive frame rust on certain Toyota vehicles and guided the case to a landmark settlement providing benefits estimated at $3.4 billion); *Gann v. Nissan N. Am., Inc.*, No. 3:18-cv-00966 (M.D. Tenn.) (As one of Class Counsel in this case regarding defective transmissions on 1.4 million Nissan vehicles, Ben Barnow negotiated a settlement providing benefits valued at over $444 million).

Ben Barnow has been at the forefront of data breach litigation since its inception. He was Co-Lead Counsel in, and the architect of, one of the earliest major data breach settlements, *In re TJX Cos. Retail Sec. Breach Litig.*, No. 07-10162 (D. Mass.) (Young, J.), which made valuable benefits available to a class of approximately 45,000,000. The Honorable Judge Young described the settlement as "excellent," and as containing "innovative" and "groundbreaking" elements.

Ben Barnow and Barnow and Associates, P.C. have been instrumental in the advancement of data breach jurisprudence. As a lead counsel in *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017) and *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384 (6th Cir. 2016), he successfully pursued appeals and achieved reversals from the Third Circuit and Sixth Circuit, respectively, recognizing the plaintiffs' Article III standing to assert data breach claims in federal court. And in *In re Zappos.com Inc. Customer Data Sec. Breach Litig.*, No. 12-cv-00325 (D. Nev.), he, along with other Co-Lead counsel, brought about a reinstatement of standing through a Ninth Circuit appeal and successfully defended against a petition for certiorari to reverse that result, with the case ultimately reaching final approval of an excellent settlement. *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1030 (9th Cir. 2018). These appellate cases have been cited as authority over 800 times.

Ben Barnow continues to achieve excellent results for clients and class members in data breach cases. *See*, *e.g.*, *In re Afni, Inc. Data Breach Litig.*, No. 1:22-cv-01287 (C.D. Ill.) (As

settlement class counsel, he helped negotiate a settlement that created a fund of $1,850,000 for approximately 261,449 class members); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 1998 (W.D. Ky.) (As one of settlement class counsel in this MDL relating to a former Countrywide employee's theft and sale of Countrywide customers' private information, he negotiated a settlement that made valuable benefits available to approximately 17 million class members); *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (As co-lead settlement class counsel, he took a leading role in crafting a settlement with one defendant that created a $5,000,000 non-reversionary common fund for approximately 3.8 million class members and gave only a partial release, reserving rights against the hub defendant); *Kesner v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct. – Worcester) (As one of class counsel he negotiated a settlement creating a $1,200,000 fund for approximately 209,000 class members); *Lukens v. Utah Imaging Assoc., Inc.*, No. 210906618 (Salt Lake Cnty., Utah) (As one of settlement class counsel, he established a $2,100,000 settlement fund for approximately 583,642 class members.); *Holden v. Guardian Analytics*, No. 2:23-cv-02115-WJM-LDW (D.N.J.) (Ben Barnow was one of class counsel and instrumental in creating a settlement of $1,430,207.50 for a class of approximately 191,563 victims of a data breach); *Johnson v. One Brooklyn Health Sys., Inc.*, No. 512485/2023 (N.Y. Sup. Ct. N.Y. Cnty.) (creating a $1,500,000 fund for a class of 190,090 persons as one of settlement class counsel).

### iv.    Israel David of Israel David LLC

Israel David LLC is a diverse and growing litigation boutique formed in 2022 by Israel David. Immediately prior to forming the firm, Mr. David spent 26 years in the Litigation Department of the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP, including 17 years as a prominent partner at that firm. Mr. David has earned a national reputation for successfully leading and co-leading the representation of prominent defendants in some of the

most high-profile securities and shareholder class action lawsuits nationwide in the last quarter-century. Among numerous other class action lawsuits, these include:

- Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities litigation in the Southern District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.

- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities litigation in the Southern District of New York arising out of the financial collapse of Wachovia. The lawsuit (with alleged losses of approximately $109 billion) is one of the largest class action securities fraud lawsuits in U.S. history to have obtained a complete dismissal.

- Co-leading the representation of all the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities litigation in the Southern District of New York.

- Co-leading the representation of eight globally leading banks in a class action securities litigation in the Southern District of New York involving the issuance of approximately $26 billion of Residential Mortgage-Backed Securities.

More recently, federal courts from California to New York have appointed Mr. David to leadership positions in high-profile data privacy and antitrust class action lawsuits, including:

- In January 2023, the Honorable Judge Ann M. Donnelly of the Eastern District of New York appointed Israel David as Interim Co-Lead Class Counsel in the high-profile antitrust class action lawsuit challenging the so-called Northeast Alliance entered into by American Airlines and JetBlue Airlines. *In re American Airlines/JetBlue Antitrust Litig.* (No. 22-cv-07374-AMD-TAM).

- In July 2023, the Honorable Judge Kandis A. Westmore of the Northern District of California appointed Israel David as Interim Co-Lead Class Counsel in a data privacy class action lawsuit involving a data breach that compromised the private data of over 200 million Twitter users. *Gerber v. Twitter, Inc.* (No. 23-cv-00186-KAW).

- In July 2023, the Honorable Judge Katherine Polk Failla of the Southern District of New York appointed Israel David as Interim Lead Class Counsel in a data privacy class action lawsuit involving a data security incident at The Metropolitan Opera in New York City. *Tuteur v. Metro. Opera Ass'n, Inc.* (No. 23-cv-03997-GS).

- In March 2024, the Honorable Judge Rebecca R. Pallmeyer of the Northern District of Illinois appointed Israel David to the Plaintiffs' Steering Committee in a data

privacy class action lawsuit arising out of allegations that TikTok illicitly spied on users of the TikTok app whilst using the app's in-app web browser. *In re TikTok Consumer Priv. Litig.* ( MDL No. 2948-A).

- In June 2024, the Honorable Judge Rachel P. Kovner of the Eastern District of New York appointed Israel David as Liaison Counsel in a multidistrict class action lawsuit involving a data breach that compromised private health information of 13 million victims. *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.* ( No. 1:24-md-3096-RPK-LGD).

Other Israel David LLC attorneys add a wealth of experience and diversity to the team, including a former partner at Ropes & Gray LLP, a former Counsel at Ropes & Gray LLP, a former Special Counsel at Weil, Gotshal & Manges LLP, a former Assistant District Attorney with the Manhattan District Attorney's Office, and former judicial clerks with the United States Court of Appeals for the Second Circuit and Sixth Circuit, respectively, among other litigation attorneys.

### E.    Counsel's Resources

The resources that Proposed Interim Co-Lead Counsel have already committed and will continue to commit to the case also strongly supports the appointment of Proposed Interim Co-Lead Counsel. As demonstrated above, Proposed Interim Co-Lead Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Co-Lead Counsel's ability to draw from this well-developed repository of information will allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the county. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by

devoting substantial resources to it and coordinating among themselves to file this leadership proposal and to consolidate the Related Actions. And, as counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and capacity to see this litigation through its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

## IV.    **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request the Court grant this motion and enter an order: (1) consolidating the Related Actions and future actions into the first filed action, under the new case style: "*In Re Fieldtex Products Inc.*"; (2) staying the Related Actions and Defendant's responsive pleading deadlines; (3) allowing Plaintiffs to file a Consolidated Complaint within 30 days after the court's order consolidating the cases; and (4) appointing Gary E. Mason of Mason LLP, Daniel Srourian of Srourian Law Firm, P.C., Ben Barnow of Barnow and Associates, P.C. and Israel David of Israel David LLC as Interim Co-Lead Counsel.


Dated: January 21, 2026                          Respectfully submitted,


By: /s/*Andrew Shamis*
**Shamis & Gentile, P.A.**
Andrew J. Shamis, Esq.
Bar No. 5195185
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

Gary E. Mason
Gary E. Mason (NY Bar No. 2163467)
**MASON LLP**
5335 Wisconsin Avenue NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290
gmason@masonllp.com

Daniel Srourian, Esq.*
**SROURIAN LAW FIRM, P.C.**
468 N Camden Dr, Ste 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
daniel@slfla.com

Ben Barnow*
Anthony L. Parkhill*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

Israel David
New York Bar Number: 2829976
Adam M. Harris
New York Bar Number: 4569398
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Telephone: (212) 350-8850
israel.david@davidllc.com
adam.harris@davidllc.com

\* *pro hac vice* forthcoming

*Attorneys for Plaintiffs and the Proposed Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

*/s/ Andrew Shamis*
Adrew Shamis